IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY BENNETT,                                                              ORDER

                      Petitioner,

                                                             14-cv-392-bbc
                                                              06-cr-126-bbc

        v.

UNITED STATES OF AMERICA,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Gregory Bennett has filed a motion for reconsideration of the judgment entered in this case on September 4, 2014, denying his motion for post conviction relief. Dkt. #8 (14-cv-392-bbc). He also asks that counsel be appointed to represent him on his motion for reconsideration. Both motions will be denied.

       In support of his motion for reconsideration, petitioner has filed a copy of a newspaper article discussing a federal criminal investigation in Chicago of the lawyer who represented petitioner after he was arrested and brought back to this district. According to the article, the investigation centers on claims that counsel solicited perjury from clients. Even if I assume for the purpose of deciding petitioner's motion that the claims are true, petitioner has not shown either that his counsel acted unethically in petitioner's case or that counsel's unethical behavior in other cases would affect petitioner's conviction in this case. Moreover, petitioner has not alleged that his counsel failed to do anything for him that he should have done. Petitioner's plea bargain was a favorable one: he was allowed to plead

guilty to charges of ecstacy and possession with intent to distribute marijuana rather than to the crime of possession with intent to distribute cocaine base, which would have subjected him to a mandatory minimum sentence.

Petitioner says that the government "must have been privy" to the information that counsel was being investigated, but he has no evidence to support this statement and the record facts belie it.  Petitioner was sentenced in 2011; there is no reason to believe that his counsel was under investigation at that time or that if he were, the United States Attorney in this district would have known about it. Petitioner's suggestions that the new investigation "may also reveal misrepresentation, misconduct, or lack of good faith on the part of the government" are mere speculation, not requiring appointment of counsel or the vacation of the judgment entered against petitioner on September 14, 2014.

Nothing in petitioner's motion for reconsideration convinces me that it was a mistake to deny his § 2255 motion or that the judgment should be vacated to give petitioner an opportunity to re-argue his motion.  Thus, there is no reason to consider petitioner's request for appointment of counsel.


ORDER

IT IS ORDERED that petitioner Gregory Bennett's motions, dkt. #10, for reconsideration of the order entered herein on September 4, 2014, dkt. #8, and for

appointment of counsel are DENIED.

 Entered this 10th day of October, 2014.

            BY THE COURT:
            /s/
            BARBARA B. CRABB
            District Judge